UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Timothy M. Francis and
Tammy A. Francis

    v.                                  Civil No. 06-cv-480-JM

Lindon L. Pulley


**O R D E R**

    Timothy M. Francis and Tammy A. Francis ("Francis") bring this diversity action against Lindon L. Pulley ("Pulley"), contending that Pulley used his influence and authority over Francis to misappropriate the parties' investment profits from a series of investments during the period of 1999 through 2006.

Background

    Francis seek an ex parte attachment of Pulley's real estate holdings in Grafton County New Hampshire, Trustee Process of Pulley's assets being held by the Lake Sunapee Bank and a Temporary Restraining Order/Preliminary Injunction with a Notice of Lis Pendens as to Pulley's Real Estate Holdings in White River Junction, Vermont.  Francis have filed a verified complaint and an affidavit.

    Pulley controlled all of the income generated by the parties' investments.  Pulley had significantly more business

experience than Francis and was responsible for having Francis execute numerous legal documents.  Francis depended exclusively on Pulley for direction in handling these business transactions.

In 2006 Francis attempted to remove themselves from their business relationship with Pulley.  In doing so Francis, at Pulley's direction, signed over their interest in a Commercial Warehouse in White River Junction to Pulley.

The plaintiffs allege that Pulley has breached his fiduciary obligations to them and misappropriated a substantial amount of funds and profit for his own benefit at the expense of Francis.  Pulley then sought to have Francis execute gift tax returns to avoid any income tax implications for his actions.

## Discussion

A.  Prejudgment Attachments

Federal Rule of Civil Procedure 64 governs "seizure of person or property in federal court."  This rule specifically provides that:

> At the commencement of and during the course
> of an action, all remedies providing for
> seizure of person or property for the purpose
> of securing satisfaction of a judgment
> ultimately to be entered in the action are
> available under the circumstances and in the
> manner provided by the law of the state in
> which the district court is held, existing at

>   the time the remedy is sought.  Fed. R. Civ.
>   P. 64.

Federal Courts have held that a federal district court whose subject matter jurisdiction derives from diversity of citizenship must comply with state limitations regarding prejudgment attachment.  See e.g., Federal Deposit Ins. Corp. v. Rodenberg, 622 F. Supp. 286 (D.Md. 1985).

B.   Ex Parte Attachment and Trustee Process

The attachment petition is governed by applicable New Hampshire law on prejudgment attachments under Fed. R. Civ. P. 64.  The burden is on the plaintiff to show there is a reasonable likelihood the plaintiff will recover a judgment, including interest and costs, which is equal to or greater than the amount of the attachment.

Under RSA 511-A:8, ex parte attachments are available in New Hampshire to ensure that assets will be available to satisfy any potential judgment in a civil action.  RSA 511-A:8 states, in pertinent part:

>   Upon application to the court, in exceptional
>   circumstances, an attachment may be ordered
>   in advance of notice to the defendant if the
>   plaintiff establishes probable cause to the
>   satisfaction of the court of his basic right
>   to recovery and the amount thereof and in
>   addition thereto the existence of any of the

>
> following:
>
> There is substantial danger the property sought to be attached will be damaged, destroyed, concealed, or removed from the state and placed beyond the attachment jurisdiction of the court. (Emphasis supplied).

Pursuant to RSA 512, the Trustee Process statute, the same foregoing prerequisites must be established by the plaintiffs in order to attach their property owned by the defendant that is presently held by a third party, or the defendant's right to receive property from a third party. <u>Id.</u>

Given the facts as presented, a substantial likelihood of success on the merits of this case exists. Pulley's misrepresentations and actions resulted in at least $316,000 of damages. Moreover, given the pending sale of Pulley's Steel Metal Warehouse, there is a substantial likelihood that the property the plaintiffs seek to attach could easily be concealed, or removed from the jurisdiction of this Court if Pulley is notified in advance of this ex parte hearing. Accordingly, in order to satisfy a judgment in this matter, the issuance of the requested Attachment and Trustee Process is granted.

C.   Temporary Restraining Order

This Court must weigh four factors when determining whether to issue a preliminary injunction: (1) the likelihood of success on the merits; (2) the potential for irreparable harm to the movant if the injunction is denied; (3) the balance of relevant impositions, for example the hardship to the nonmovant if enjoyed as contracted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.  Wine and Spirits, Inc. v. Rhode Island, 418 F.3d 36, 46 (1st Cir. 2005).  "The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity. New Comm Wireless Servs., Inc. v. Sprintcom, Inc., 287 F.3d 1, 9 (1st Cir. 2002).

The facts before this court establish a substantial likelihood that Francis will be successful on the merits. Further, public policy requires that likely judgments be protected and defendants be prevented from concealing, removing or placing assets beyond the attachment jurisdiction of the court.  Without this, the court system will lose its

effectiveness, as plaintiffs will have no viable means of collecting likely judgments.  Finally, the balancing test of relative harms supports Francis.  As such Francis' request for a Temporary Restraining Order is granted.  Unless extended at a hearing on January 5, 2006 at 10:00 a.m. the Temporary Restraining Order will dissolve on that date.

The Francis claim to the Steel Warehouse in White River Junction, Vermont is equitable in nature.  Pulley's actions support the imposition of a "constructive trust" on the equitable interests in the Steel Warehouse.  Constructive trusts are designed to correct abuses of fiduciary relationships and force a conveyance to prevent unjust enrichment.  In re Estate of Cass, 143 N.H. 57, 60 (1998).  Where a party obtains the legal title to property by fraud or bad faith, or by taking advantage of confidential or fiduciary relations, or in any other unconscientious manner, so that he cannot justly retain the property, equity will impress a constructive trust upon it in favor of the party who is equitably entitled to it.  Id.

Where an action seeks to impose a constructive trust, rather than to act directly on the title to the property, jurisdiction is in personam.  See Massie v. Watts, 6 Cranch 148, 3L.Ed.181, 10

U.S. 148, 159 (1810); Keller v. Millice, 838 F. Supp. 1163, 1174 (S.D. Tex. 1993) (citing Massie).  So long as the court has personal jurisdiction over the defendant, that party's equitable rights in the property may be tried in a court outside the state where the property is sited: [I]n a case of fraud, of trust, or of contract, the jurisdiction of the court of chancery is sustainable wherever the person be found, although lands not within the jurisdiction of that court may be affected by the decision.  Massie, 10 U.S. at 159; Keller v. Millice, 838 F. Supp. 1163, 1174 (S.D. Tex. 1993) (citing Massie); Reebok Int'l Ltd. v. Marnatech Enterprises, Inc., 970 F.2d 552, 559 n.10 (9th Cir. 1992).

    Under New Hampshire law a constructive trust may only be imposed when clear and convincing evidence demonstrates a confidential relationship existed between two people, that one of them transferred property to the other, and that the person receiving the property would be unjustly enriched by retaining the property, regardless of whether the person obtained the property honestly.  In re Estate of Cass, infra at 60.  Further, a confidential relationship exists if there is evidence of a family or other personal relationship in which one person

justifiably believes that the other will act in his or her interest.  See Id.  A person may be unjustly enriched if he or she obtains title to property by fraud, duress, or undue influence, or violates a duty that arises out of a fiduciary relation to another.  Id.

Here the facts establish that Pulley abused a confidential family and personal relationship with Francis.  This action seeks to impose a constructive trust over the property wrongly misappropriated by Pulley.  Accordingly, Francis' action does not directly make claim to title of the Vermont Warehouse allowing this court to permit a Temporary Restraining Order with Notice of Lis Pendens to issue on the property.  See Massie, supra.

Conclusion

For the foregoing reasons:

A. The plaintiffs' request for a temporary retraining order enjoining the defendant from selling, or transferring any interest he may have, directly or indirectly, in real estate including defendant's real estate holdings in White River Junction is allowed and a Notice of Lis Pendens may issue.

B. The plaintiffs' request for a general real estate

       attachment in the amount of $316,000 of the defendant's right, title and interest in real estate in Grafton County, New Hampshire is allowed; and

C.    The plaintiffs' request for Trustee Process of the defendant's right, title and interest in assets in the amount of $316,000 held by the Lake Sunapee Bank is allowed.

Plaintiffs are to make service and file the liens as required by New Hampshire law and Federal Rule.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: December 28, 2006

cc:   Michael G. Furlong, Esq.
      John J. LaRivee, Esq.